UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANKLIN VALENTINE,           )
          Plaintiff,           )
                              )
          v.           )           Civil Action No. 3:25CV500 (RCY)
                              )
OFFICER QUENTIN BARNES, *et al.*,           )
          Defendants.           )
_____           )

**MEMORANDUM OPINION**

On July 1, 2025, Plaintiff Franklin Valentine ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Compl., ECF No. 1-1.  Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status.  Accordingly, Plaintiff's IFP Application, ECF No. 1, will be **GRANTED**, and the Clerk will be **DIRECTED** to file Plaintiff's Complaint.  However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").  A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Pursuant to this statutory screening obligation, the Court has reviewed Plaintiff's Complaint.

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*.  As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

## I. BACKGROUND

On August 20, 2023, Plaintiff was arrested by Officer Quentin Barnes, an officer of the Richmond Police Department ("RPD"), for alleged possession of a firearm by a convicted felon. Compl. 2.  In his Complaint, Plaintiff alleges:

- Plaintiff's rights had been restored prior to the date of this arrest, so he could lawfully carry a firearm.  *Id.* at 3.

- On August 20, 2023, Plaintiff was lawfully carrying a firearm.  *Id.*

- Plaintiff was approached, detained, and arrested by Officer Barnes, who falsely alleged that Plaintiff was a convicted felon unlawfully in possession of a firearm.  *Id.*

- Officer Barnes failed to investigate or verify Plaintiff's criminal status before making the arrest.  *Id.*

- No valid warrant or probable cause supported the arrest.  *Id.*

- RPD's policies, customs, or failure to properly train and supervise Officer Barnes contributed to the violation of Plaintiff's rights.  *Id.*

- As a result of the above, Plaintiff suffered harm to his reputation, liberty, and constitutional rights.  *Id.*

Based on the allegations summarized above, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Officer Quentin Barnes, in his individual capacity, and Richmond Police Department for violations of his Fourth Amendment[2] and Second Amendment[3] rights.  *Id.* at 3–4.

## II. ANALYSIS

Title 42 U.S.C. § 1983 imposes civil liability on one who, under color of State law, deprives any citizen of the United States or other person under the jurisdiction thereof of any right secured by the Constitution or laws of the United States.  It is well-settled that municipalities and other

---

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.

[3] "A well regulated [m]ilitia, being necessary to the security of a free [s]tate, the right of the people to keep and bear [a]rms, shall not be infringed."  U.S. Const. amend. II.

local government units cannot be sued under § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  But local government units can be sued under § 1983 "when the execution of a government's policy or custom . . . inflicts the [plaintiff's] injury." *Id.*  Importantly, the Fourth Circuit has made clear that "proof of a single violation . . . cannot support an inference that the violation resulted from a municipally condoned custom of comparable practices." *Spell v. McDaniel*, 824 F.3d 426, 431 (4th Cir. 1987).

Here, the Complaint alleges that RPD is complicit in creating a culture that allowed for the alleged wrongs in this case to occur.  Compl. 3.  But the Complaint contains no facts to support this conclusory assertion, and a single conclusory statement (e.g., as here, that RPD's policies, customs, or failure to properly train and supervise Officer Barnes contributed to the violation of Plaintiff's rights) is insufficient to survive a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009).  Accordingly, Plaintiff's § 1983 claim against RPD will be DISMISSED.

As to Officer Quentin Barnes, Plaintiff's allegations amount to a claim that Officer Barnes arrested Plaintiff without probable cause, in violation of Plaintiff's Fourth Amendment rights, and a claim that the resulting seizure of Plaintiff's firearm violated Plaintiff's Second Amendment rights.  Compl. 2–4.  Neither claim survives scrutiny.

As to the Fourth Amendment claim, Plaintiff alleges that since Officer Barnes did not have a valid warrant, probable cause, or legal justification to make the arrest, Officer Barnes violated Plaintiff's Fourth Amendment rights by arresting him.  Compl. 3.  But the Complaint contains no facts to support this conclusory assertion about the nature and circumstances of the arrest, and, again, a single conclusory statement is insufficient to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678; *Walker*, 75 F.3d at 431.  Plaintiff has thus not stated a claim for a Fourth Amendment

violation pursuant to § 1983. Plaintiff's Fourth Amendment claim against Officer Quentin Barnes will accordingly be DISMISSED.

Finally, as to Plaintiff's Second Amendment claim against Officer Quentin Barnes, Plaintiff alleges that since he was wrongfully arrested without probable cause, Office Barnes unlawfully seized his firearm. Compl. 3. This claim is dependent on the arrest constituting a Fourth Amendment violation, because officers are allowed to seize weapons after a lawful arrest. *See United States v. Robinson*, 414 U.S. 218 (1973); *Agnello v. United States*, 269 U.S. 20 (1925). Since Plaintiff makes only conclusory allegations about the nature of his arrest and thus has failed to state a Fourth Amendment violation, *see supra*, Plaintiff necessarily fails to state a Second Amendment violation, as well. Plaintiff's Second Amendment claim against Officer Quentin Barnes will accordingly be DISMISSED.[4]

## III. CONCLUSION

Having found that Plaintiff has failed to state any claim upon which relief may be granted, the Court finds that dismissal of this action is warranted. However, in deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, the Court will ORDER Plaintiff to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint.

An appropriate order will accompany this Memorandum Opinion.

Date: <u>February 23, 2026</u>
Richmond, Virginia

_____ /s/
Roderick C. Young
United States District Judge

---

[4] Because Plaintiff fails to sufficiently allege that a constitutional violation occurred, the Court does not reach the issue of whether Officer Quentin Barnes is protected by qualified immunity.